IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RODRICK DION BREWER                                                              PLAINTIFF

v.                                          Case No. 1:23-cv-01071

JERRY MANESS; GEAN SEIGER;
LEROY MARTIN; and ANITACOGBILL                                              DEFENDANTS

**ORDER**

Plaintiff, Rodrick Dion Brewer, originally submitted this 42 U.S.C. § 1983 action *pro se*, on July 5, 2023, in the United States District Court for the Eastern District of Arkansas. (ECF No. 2). The Eastern District transferred the case to this Court on July 11, 2023. (ECF No. 3). Currently before the Court, is Plaintiff's failure to comply with Orders of the Court and to prosecute this matter.

On July 17, 2023, the Court entered an Order directing Plaintiff to file a completed application to proceed *in forma pauperis* ("IFP") because he failed to do so with his Complaint. (ECF No. 7). The Court directed Plaintiff to respond with the completed IFP Application or to pay the full filing fee by August 7, 2023. *Id*. Also, on July 17, 2023, the Court entered an Order directing Plaintiff to file an amended complaint by August 7, 2023. (ECF No. 6). These Orders were mailed to Plaintiff's address of record at the Columbia County Detention Center. Both Orders were returned to the Court as undeliverable mail on August 10, 2023. (ECF No. 9).

On July 28, 2023, the Court also received the Transfer Order and Magistrate Notice sent to Plaintiff at his address of record at the Columbia County Detention Center returned as undeliverable mail (ECF No. 8). This return of mail shows that the Court has never been successful in communicating with Plaintiff at his address of record. The Court is unaware of any other address

for Plaintiff.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has wholly failed to prosecute this case and to keep the Court apprised of his current mailing address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 20th day of October, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge